# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JILL M. HOLMQUIST and ANTHONY QUATRONE, <br><br> Plaintiffs, <br><br> v. <br><br> SUNBEAM PRODUCTS, INC., and KEHOE COMPONENT SALES, INC. d/b/a Pace Electronic Products, <br><br> Defendants. | No. 2:19-cv-00036 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the second Motion for Summary Judgment filed by Defendant Kehoe Component Sales, Inc. d/b/a Pace Electronic Products, (Doc. No. 63). The Motion also includes a Motion to Strike certain expert opinions by William Truss. (Id.). Plaintiffs Jill M. Holmquist and Anthony Quatrone (collectively, the "Plaintiffs") filed a response, (Doc. No. 68), and Defendant filed a reply, (Doc. No. 70). For the following reasons, Defendant's motion will once again be denied.

On February 22, 2021, the Court denied Defendant's first motion for summary judgment, reasoning that genuine disputes of material fact existed as to whether the control of the heated blanket in this products liability action was defective. (See Doc. No. 59 at 6–7). In the instant Motion, Defendant again moves for summary judgment, arguing that "additional discovery has taken place that is fundamental to the issues of causation in this case." (Doc. No. 71 at 1). That additional discovery, according to Defendant, primarily involves the deposition testimony of Plaintiffs' expert, certified fire investigator, William Truss. (See Doc. No. 50-5). Defendant claims that Plaintiffs' theory of the case, as evidenced by Truss, is that urine from the Plaintiffs' dogs

"created a conductive path" which led to a fire. (Doc. No. 71 at 1). To Defendant, this theory rests upon the faulty notion that the heated blanket's control was not "liquid tight." (Id.). Therefore, Defendant contends that summary judgment is warranted because user abuse alone caused the product's malfunction. (Id.). Defendant also argues that because Truss's expert opinions are misguided, his testimony should be stricken. (See Doc No. 65 at 1).

Yet, what Defendant fails to consider in its briefing is that, even including Truss's allegedly faulty testimony, Defendant's current Motion is based on virtually the same record evidence before the Court during Defendant's first motion. As the Court already made clear in its prior opinion, after Defendant filed its first motion for summary judgment, the parties undertook additional discovery, and Plaintiffs then submitted three affidavits – by Truss, Jill Walters, and Plaintiff Jill Holmquist – along with excerpts of Robert Reese's deposition testimony. (See Doc. No. 59 at 6; see also Doc. Nos. 48-4; 48-5; 48-6; 48-7). Defendant cannot take successive bites at the apple in the hopes that the Court would change its mind in how to consider this evidence. The Court need not, therefore, spill significant ink in endeavoring to reiterate its reasoning here.

Although Defendant surely is familiar with the standard for summary judgment, a few core tenets bear repeating. Summary judgment is appropriate *only* where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Griffith v. Franklin Cty., 975 F.3d 554, 566 (6th Cir. 2020) (emphasis added) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). And in deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

2

Defendant has failed to meet this standard for a second time. Having once again reviewed the record in the light most favorable to Plaintiffs, the Court once again concludes that a genuine dispute of material fact exists as to whether the heated blanket's control was defective and whether Plaintiffs abused the product such that a fire ensued. (See Doc. No. 59 at 6–7). As the Court noted in its prior opinion, "the issue of whether a product is defective or unreasonably dangerous is one for the jury [under Tennessee law]." Goodwin v. Electrolux Home Prods., No. 09-cv-0106, 2011 WL 1357691, 2011 U.S. Dist. LEXIS 39319, at *14 (M.D. Tenn. Apr. 8, 2011) (citing Whaley v. Rheem Mfg. Co., 900 S.W.2d 296, 300 (Tenn. Ct. App. 1995)). Here, Defendant argues that user abuse indisputably caused the fire at issue, such that it is excused from liability. (See Doc. No. 65 at 5). Although it is true that Tennessee law can, in certain circumstances, excuse manufacturers and sellers from liability due to a user's "improper maintenance or abnormal use," it would be premature to so find here. Whether Plaintiffs' dogs urinated onto the heated blanket's control does not obviate the genuine factual dispute established in the record that such activity should not have caused the smoking or fire that occurred in this case. (See Doc. No. 50-6 ¶ 14; see also Doc. No. 57). The Court will not simply ignore this competing record evidence in Defendant's favor.

For similar reasons, the Court also rejects Defendant's argument that Truss's testimony on the "liquid tight" status of the blanket's control must be stricken. As discussed above, whether Truss's testimony includes a tertiary misinterpretation does not eliminate the factual dispute over whether the product was defective in the first place and led to a smoking incident that should not have occurred. (Id.). And as Plaintiffs point out, any misinterpretation has no impact on Truss's "ultimate opinion . . . that [the] product is and was defective." (Doc. No. 68 at 5; see also Doc. No. 50-5 ¶¶ 7–8). Moreover, the record evidence reflects that Truss's testimony is otherwise reliable and, to be sure, Defendant will have the opportunity to cross-examine Truss at trial about his

3

findings. See Fed. R. Evid. 705 (noting that an "expert may be required to disclose" the facts, data, and reasons underlying an opinion, "on cross-examination"). A jury will thereafter "be instructed to determine for itself the weight and credibility to be given to [that] testimony." Benton v. Ford Motor Co., 492 F. Supp. 2d 874, 877 (S.D. Ohio 2007). The Court reminds Defendant that the "credibility of an expert witness and weight to give [his] testimony are matters entrusted to the trier of fact." Burgett v. Troy-Bilt LLC, F. App'x 372, 381 (6th Cir. 2014). Defendant's argument that Truss's testimony should be stricken because he is incompetent to assess the "liquid tight" nature of the control is premature and must therefore fail.

Accordingly, Defendant's second Motion for Summary Judgment and Motion to Strike certain expert opinions by William Truss, (Doc. No. 63), is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE